IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-261-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PHILLIP MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

On October 20, 2008, pursuant to a written plea agreement, Phillip Morgan ("Morgan") pleaded guilty to conspiracy to possession with the intent to distribute more than 100 kilograms of marijuana. See [D.E. 9, 11]. On February 11, 2009, the court held Morgan's sentencing hearing. See [D.E. 18, 19]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Morgan's total offense level to be 31, his criminal history category to be IV, and his advisory guideline range to be 151 to 188 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Morgan to 168 months' imprisonment. See id.; [D.E. 19]. Morgan did not appeal.

On June 25, 2015, Morgan moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 22]. Morgan's new advisory guideline range is 121 to 151 months' imprisonment, based on a total offense level of 29 and a criminal history category of IV. See Resentencing Report. Morgan requests a 134-month sentence. See id.; [D.E. 22].

The court has discretion to reduce Morgan's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam)

(unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Morgan's sentence, the court finds that Morgan engaged in serious criminal behavior. See PSR ¶¶ 5–8. Moreover, Morgan is a violent recidivist and has convictions for injury to personal property, assault on a government official, conspiracy to possess with intent to distribute cocaine and marijuana, and simple assault. See id. ¶¶ 10–17. Moreover, Morgan has performed poorly on supervision and has a spotty work history. See id. ¶¶ 14, 19, 35–41. Nonetheless, Morgan has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Morgan received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Morgan's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Morgan's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Morgan's motion for reduction of sentence [D.E. 22].

SO ORDERED. This 16 day of May 2018.

                                              JAMES C. DEVER III
                                              Chief United States District Judge